**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| JESSICA SHARP, *et al.*, | ) | CASE NO.  1:26-cv-00448 |
| | ) | |
| Plaintiffs, | ) | JUDGE JEFFERY P. HOPKINS |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF WILMINGTON, OHIO, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANTS CITY OF WILMINGTON, OHIO CITY COUNCIL, CITY OF
WILMINGTON, OHIO PLANNING COMMISSION, AUSTIN POWELL, AND
SHIRLEY ORWICK'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT**

---

Now come Defendants City of Wilmington, Ohio City Council, City of Wilmington, Ohio

Planning Commission, Austin Powell, and Shirley Orwick, by and through counsel, and hereby

move this Honorable Court for an Order dismissing the First Amended Complaint of Plaintiffs for

failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The reasons in support of this Motion

are set forth more fully in the accompanying Memorandum in Support.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Dawn M. Frick*
Dawn M. Frick (0069068)
Christopher T. Herman (0076894)
Bradley J. Dick (0106205)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333 | (937) 222-1970 (fax)
Emails:   dfrick@sdtlawyers.com
         cherman@sdtlawyers.com
         bdick@sdtlawyers.com
*Attorneys for City of Wilmington, Ohio City
Council, City of Wilmington, Ohio Planning
Commission, Austin Powell, and Shirley
Orwick*

<u>**MEMORANDUM IN SUPPORT**</u>

**I.      <u>INTRODUCTION AND BACKGROUND</u>**

Neither Defendant City of Wilmington, Ohio City Council (the "Wilmington City Council") nor Defendant City of Wilmington, Ohio Planning Commission (the "Wilmington Planning Commission") is sui juris; thus, they are not capable of being sued. Each of the Plaintiffs' claims against the Wilmington City Council and Wilmington Planning Commission, as contained within their First Amended Complaint, should be dismissed for failure to state a claim upon which relief can be granted. Likewise, Plaintiffs' suit against Defendants Austin Powell ("Defendant Powell") and Shirley Orwick ("Defendant Orwick") in their official capacity is nothing more than a suit against the City of Wilmington itself, and therefore those claims are redundant. Defendants Powell and Orwick should thus be dismissed from this suit.

This matter arises from a series of zoning ordinances and related actions taken by the City of Wilmington, Ohio, in connection with the proposed development of a data center on an undeveloped parcel of land in Clinton County, Ohio. (Doc. 4, PageID 240, ¶ 1). Plaintiffs are allegedly the owners of residential property abutting the land where the data center is planned to be built. (*Id*., at ¶ 2). On April 21, 2026, Plaintiffs filed their First Amended Complaint in the Court of Common Pleas of Clinton County, Ohio, claiming, among other things, the existence of procedural defects with the enacted zoning amendments (*Id*., at ¶ 3), and a regulatory taking of Plaintiffs' property. (*Id*., at ¶ 4). On May 5, 2026, Defendant Shirley Orwick removed this case to the United States District Court for the Southern District of Ohio. (Doc. 1). The City of Wilmington, Ohio, the Wilmington City Council, Wilmington Planning Commission, and co-defendant Austin Powell all consented to the removal, without waiving any rights or defenses. (Doc. 2). The Wilmington City Council and Wilmington Planning Commission now move this

1

Court for dismissal of Plaintiffs' claims against them as contained within the First Amended Complaint, on the grounds that neither entity is sui juris and thus not capable of being sued. Likewise, Defendants Powell and Orwick move this Court for dismissal of the official capacity claims against them on the grounds that these claims are nothing more than a suit against the City of Wilmington itself; thus, naming these defendants in their official capacity is redundant of Plaintiffs' claims against the city.

II.     <u>LAW AND ANALYSIS</u>

### A.  Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal, by motion, for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Such a motion tests whether a cognizable claim has been pleaded in a plaintiff's complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988); *see also*, *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005) ("A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations."). To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set forth in Rule 8(a).

Rule 8(a)(2) requires that pleadings stating a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard does not require "detailed factual allegations," however, the pleading must offer more than mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 570. Thus, dismissal under Rule 12(b)(6) is appropriate where the

plaintiff has failed to allege sufficient facts to state a claim to relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. In resolving a Rule 12(b)(6) motion, courts must accept the well-pleaded factual allegation of the complaint as true, drawing all reasonable inferences from those allegations in the plaintiff's favor. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

For the reasons more fully briefed below, Plaintiffs' claims against the Wilmington City Council and Wilmington Planning Commission, as contained within their First Amended Complaint, should be dismissed for failure to state a claim for relief that is plausible on its face. Likewise, Plaintiffs' claims against Defendants Powell and Orwick should be dismissed on the grounds that they overlap with the claims against the governmental entity itself and, therefore, are redundant.

### B. Neither the Wilmington City Council nor the Wilmington Planning Commission is Sui Juris, and Thus Neither Defendant Is Capable of Being Sued

Both the Wilmington City Council and the Wilmington Planning Commission should be dismissed as parties to this suit; neither defendant is sui juris.  In their First Amended Complaint, Plaintiffs name both entities as defendants, alleging that the actions of these entities resulted in violations of Plaintiffs' state and federal rights. (*See generally*, Doc. 4). "It is well established in Ohio that 'both plaintiff and defendant in a lawsuit must be legal entities with the capacity to be sued.'" *Vill. of Walton Hills v. Vill. of Walton Hills*, No. 1:20-cv-01772, 2023 U.S. Dist. LEXIS 16535, at *43, 2023 WL 1443961 (N.D. Ohio Jan. 31, 2023) (quoting *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 574 (Ohio 1992)). "To be considered sui juris in Ohio, a party must have full capacity and rights to sue or be sued." *Warman v. Mount St. Joseph Univ.*, 144 F.4th 880, 890 (6th Cir. 2025) (internal quotation marks and citations omitted). Under Rule 17(b)(3) of the Federal Rules of Civil Procedure, "[c]apacity to sue or be sued is determined *** by the law of the state where the court is located[.]") Fed. R. Civ. P. 17(b)(3).

This Court recently found that a city council is not sui juris. *Nemeth v. Vill. of Tiltonsville*, No. 2:21-cv-01460, 2023 U.S. Dist. LEXIS 54680, at *26, 2023 WL 2692262 (S.D. Ohio Mar. 29, 2023) (finding that the city council of Tiltonsville is not sui juris), citing *Cuyahoga Falls v. Robart*, 58 Ohio St.3d 1, 6 (Ohio 1991) (holding that "[a] city council is not sui juris and therefore cannot sue or be sued in its own right, absent statutory authority."); *see also*, *Mollette v. Portsmouth City Council*, 4th Dist., 179 Ohio App. 3d 455, 473 (Ohio Ct. App. 2008) (holding that the Portsmouth City Council is not sui juris, and the real party in interest was the City of Portsmouth.).

Federal courts have likewise held that boards and commissions are not sui juris. *Vill. of Walton Hills v. Vill. of Walton Hills*, 2023 U.S. Dist. LEXIS 16535, at *44 (dismissing the planning commission from an action, finding it is not sui juris); *see also*, *Ruff v. Jackson Twp.*, No. 2:23-cv-2916, 2026 U.S. Dist. LEXIS 64009, at *9, 2026 WL 832536 (S.D. Ohio Mar. 24, 2026) (dismissing claims against the Board of Zoning Appeals of Jackson Township, finding the BZA is not sui juris), citing *Duke's K9 Dash N' Splash, LLC v. Zizka*, No. 5:24-cv-218, 2024 U.S. Dist. LEXIS 154116, 2024 WL 3965599, at *6-7 (N.D. Ohio Aug. 28, 2024) (finding that the board of zoning appeals is a subdivision of Freedom Township and construing the claims against the board as claims against the township).

Although it is true that "whether a public office is sui juris for the purposes of the special statutory proceeding defined in the Ohio Public Records Act is a distinct question from that entity's sui juris status in other contexts," *Warman*, 144 F.4th at 892, Plaintiffs' public record claims are not specifically alleged against either the Wilmington City Council or the Wilmington Planning Commission. Instead, Plaintiffs' First Amended Complaint makes clear that the allegedly wrongful withholding of public records is attributable to the City. (Doc. 4, PageID 242, ¶ 6) ("[T]he City has unlawfully withheld public records regarding the data center from Plaintiffs in violation of the

4

Ohio Open Records Act, R.C. 149.43.”); (*Id.*, at PageID 286, ¶ 197) (“The City is a ‘public office’ within the meaning of the Ohio Open Records Act, R.C. 149.43.”).

Accordingly, the Wilmington City Council and Wilmington Planning Commission should be dismissed as parties to this lawsuit. Plaintiffs’ claims against both of these entities fail as a matter of law; neither entity is sui juris.

### C. Plaintiffs’ Official Capacity Claims Against Defendants Austin Powell and Shirley Orwick Should Be Dismissed

In their First Amended Complaint, Plaintiffs name Austin Powell and Shirley Orwick in their official capacities as the Building Inspector and Zoning Administrator, respectively. (Doc. 4, PageID 245, ¶¶ 19-20). Plaintiffs’ First Amended Complaint makes clear that neither Defendant Powell nor Defendant Orwick is sued in their individual capacities. (*Id.*) Moreover, Plaintiffs’ First Amended Complaint is entirely devoid of any claims or allegations against either Defendant Powell or Defendant Orwick, which is not otherwise alleged against the City of Wilmington itself. (*See generally*, Doc. 4). Accordingly, Plaintiffs’ official capacity claims against these two defendants overlap with those claims already asserted against the municipality itself and are therefore redundant. “[W]hen a complaint asserts a claim against an officer or employee of a governmental entity, in his or her official capacity, and against the governmental entity itself, a district court may dismiss the official-capacity claim.” *Professionals Guild of Ohio v. Butler County Bd. of Developmental Disabilities*, No. 1:14-cv-161, 2014 U.S. Dist. LEXIS 165319, at *2, 2014 WL 6687134 (S.D. Ohio Nov. 26, 2014), citing *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996) (affirming a district court's dismissal of official-capacity claims against school officials “because a suit against an official of the state is treated as a suit against the municipality.”); *see also*, Foster *v. Michigan*, 573 F. App’x. 377, 390 (6th Cir. 2014) (“Where the entity is named as a defendant, an official-capacity claim is redundant.”); *Petty v. County of Franklin*, 478 F.3d

5

341, 349 (6th Cir. 2007) ("To the extent that Petty's suit is against Karnes in his official capacity, it is nothing more than a suit against Franklin County itself.").

As such, this Court should dismiss Defendants Powell and Orwick, finding the claims alleged against these defendants in their official capacities are redundant of Plaintiffs' claims against the City of Wilmington itself.

## III.    CONCLUSION

Based upon all of the foregoing, Defendants City of Wilmington, Ohio City Council, and City of Wilmington, Ohio Planning Commission respectfully move this Honorable Court for an Order dismissing the Plaintiffs' First Amended Complaint against them with prejudice for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Likewise, Defendants Austin Powell and Shirley Orwick move for an Order dismissing, with prejudice, the official capacity claims alleged against them in Plaintiffs' First Amended Complaint.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Dawn M. Frick*
Dawn M. Frick (0069068)
Christopher T. Herman (0076894)
Bradley J. Dick (0106205)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333 | (937) 222-1970 (fax)
Emails:   dfrick@sdtlawyers.com
                cherman@sdtlawyers.com
                bdick@sdtlawyers.com
*Attorneys for City of Wilmington, Ohio City Council, City of Wilmington, Ohio Planning Commission, Austin Powell, and Shirley Orwick*

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that on this 12th day of May 2026, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties and/or their counsel of record.

*/s/ Dawn M. Frick*

Dawn M. Frick (0069068)